UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 08-117-DLB

ENERGY COAL RESOURCES, INC., and
COLORADO HOLDING COMPANY, INC.,                                          PLAINTIFFS,

V.              **MEMORANDUM OPINION
                    AND ORDER**

PAONIA RESOURCES LLC,                                   DEFENDANT AND
                                                        COUNTERCLAIM PLAINTIFF,

V.

LARRY ADDINGTON and                                  ADDITIONAL DEFENDANTS
STEPHEN ADDINGTON                                            ON COUNTERCLAIM,

V.

BLACK DIAMOND RESOURCE
PARTNERS, LLC.,                                              INTERVENING PLAINTIFF,

V.

JOHN SIEGEL, STEVEN RICKMEIER,
CALEB INVESTMENTS, LLC, and
PAONIA RESOURCES, LLC,                                    INTERVENING DEFENDANTS.

********************

This matter is before the undersigned on Black Diamond Resource Partners, LLC's ["Black Diamond"] Motion to Intervene in the above-styled action. [R. 41]. The parties have fully briefed

the relevant issues, and the motion is now ripe for consideration. For the foregoing reasons, Black Diamond's Motion to Intervene [R. 41] will be DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND OF THE PRESENT ACTION

This action arises out of a contract dispute between the Plaintiffs, Energy Coal Resources, Inc. ["ECR"] and Colorado Holding Company, Inc. ["CHC"], and the Defendant, Paonia Resources, LLC ["Paonia"]. Paonia is made up of Steven Rickmeier ["Rickmeier"], John Siegel ["Siegel"], and/or Caleb Investments, LLC ["Caleb Investments"].

On June 24, 2008, the Plaintiffs and Paonia entered into an agreement, granting Paonia an option to purchase 75% of the membership units of Bowie Resources, LLC ["Bowie"]. [R. 1-2 at 2-3]. ECR and CHC were required to close upon Paonia's exercise of the option, or repay a $4 million loan made by Paonia and pay a liquidated damages fee of $10 million. [R. 11 at 10]. The Plaintiffs' obligation to close was expressly conditioned on Paonia's material compliance with the terms and conditions of the Option Agreement. [R. 1-2 at 5].

On September 24, 2008, the Plaintiffs filed this action against Paonia, asserting that it was excused from performance due to Paonia's breach. [Id. at 4]. They seek the following relief: (1) a declaration that they have no obligation to close on the sale or repay the $4 million loan; (2) damages for breach of contract, and (3) injunctive relief preserving the status quo and extending the closing date until the Court determines the rights and obligations of the parties. [Id. at 6-7].

By answer, Paonia raised various defenses to the claims. [R. 11]. Specifically, Paonia denies that it breached the Option Agreement, and contends that the Plaintiffs fabricated their allegations in order to avoid closing on the sale. [Id. at 12]. In addition, Paonia counterclaimed for: (1) the

appointment of a receiver to take charge of Bowie until the Court determines the rights and obligations of the parties, (2) specific performance of the Option Agreement requiring the Plaintiffs to close or repay the $4 million loan, and pay a fee of $10 million, and (3) damages for breach of contract. [Id. at 16-18]. Finally, Paonia asserted claims of tortious interference and fraudulent inducement against the Plaintiffs' consultant, Larry Addington, and their president, Stephen Addington. [Id. at 18-19].

## II. BLACK DIAMOND'S ASSERTED INTEREST IN THIS ACTION

In support of its Motion to Intervene [R. 41], Black Diamond alleges the following: Before Paonia was even formed, Black Diamond acquired an option to purchase Bowie. Black Diamond, along with Siegel, Rickmeier, and others, formed Crested Butte Energy, LLC ["Crested Butte"] for the sole and express purpose of acquiring Bowie. [R. 41-4 at 22]. The Crested Butte Operating Agreement prohibited any competition among its members for the purchase of Bowie, and obligated each member to "disclose...any other business activities of the member that might compete with the business operations of the company." [R. 41-2 at 8-9]. Each member signed the operating agreement, including Rickmeier, individually, and Caleb Investments, a company Black Diamond believes is under the direct control of Siegel. [Id. at 9].

Black Diamond alleges that Siegel and/or Caleb Investments, along with Rickmeier, breached the Crested Butte Operating Agreement by forming Paonia in May, 2008, and negotiating the Option Agreement with ECR and CHC for the purchase of Bowie. [Id. at 11].

On October 24, 2008, Black Diamond moved to intervene in this action as a matter of right to assert claims against Siegel, Rickmeier, Caleb Investments, and Paonia. [R. 41]. It seeks: (1) injunctive relief prohibiting the sale of Bowie's membership units to any entity with which Siegel,

Rickmeier or Caleb Investments is associated, or in the alternative, compelling the Plaintiffs to complete the sale of Bowie in a manner that benefits Crested Butte, (2) damages for breach of contract, (3) damages for breach of fiduciary duty, and (4) imposition of a constructive trust on anything of value received by Paonia in connection with the Option Agreement. [R. 41-2 at 12-15].

ECR, CHC, Paonia, Larry Addington, and Stephen Addington all object to Black Diamond's Motion to Intervene in this action. [See R. 46; R. 47].

### III. ANALYSIS

Black Diamond moves to intervene in this action as a matter of right, pursuant to Fed.R.Civ.P 24(a). That rule provides, in relevant part, as follows:

> Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

In the Sixth Circuit, a proposed intervenor must establish four separate requirements in order to intervene as a matter of right: (1) that the motion to intervene was timely; (2) that the applicant has a substantial legal interest in the subject matter of the case; (3) that the applicant's ability to protect that interest may be impaired in the absence of intervention; and (4) that the parties already before the court may not adequately represent the applicant's interest. Grutter v. Bollinger, 188 F.3d 394, 397-98 (6th Cir. 1999). As the Court finds that Black Diamond lacks a substantial legal interest in the subject matter of this action, the foregoing analysis need not address the remaining elements.

"There is no clear definition for what constitutes a litigable 'interest' for purposes of intervention under Fed.R.Civ.P 24(a)(2)." Trinity Universal Ins. Co. v. Turner Funeral Home, 2003

WL 25269317, *5 (E.D. Tenn, Sept. 18, 2003); see also St. Paul Fire & Marine Ins. Co. v. Summit-Warren Industries Co., 143 F.R.D. 129, 133 (N.D.Ohio, 1992) ("as more than one commentator has noted, the federal judiciary has experienced considerable difficulty in defining the interest necessary to satisfy Rule 24(a)(2) since the time of its 1966 amendment."). While the Sixth Circuit has adopted an expansive notion of "interest" for purposes of Rule 24(a), see Michigan State AFL - CIO v. Miller, 103 F.3d 1240, 1245 (6th Cir. 1997) (noting that "interest" is to be construed liberally), "this does not mean that any articulated interest will do." Coalition to Defend Affirmative Action v. Granholm, 501 F.3d 755, 780 (6th Cir. 2007). Indeed, the Sixth Circuit has required the proposed intervenor to have a "direct and substantial" interest in the litigation which is "sufficiently protectable." Grubbs v. Norris, 870 F.2d 343, 346 (6th Cir. 1989). Whether a proposed intervenor's interest is substantial is necessarily a fact-intensive inquiry. Miller at 1245; U.S. v. Tennesee, 260 F.3d 587, 596 (6th Cir. 2001).

In the case *sub judice*, Black Diamond is asserting an interest in the proposed sale of Bowie to Paonia. Specifically, it claims that Siegel, Rickmeier, and Caleb Investments, through Paonia, violated their fiduciary duties to Crested Butte by entering into the Option Agreement with the Plaintiffs, and thus it is entitled to a constructive trust on anything of value which Paonia receives in connection with the transaction. Having considered Black Diamond's asserted interest, as well as the relevant case-law, the Court finds that it is insufficient to warrant intervention in this case.

First, Black Diamond's asserted interest in this action is indirect. Indeed, the source of its interest does not derive from the Option Agreement which forms the basis of this action, but rather an entirely different instrument - the Crested Butte operating agreement. Moreover, Black Diamond's asserted interest is contingent. Even if Black Diamond were permitted to intervene, it

would recover a judgment only if (1) Paonia is found to be entitled to enforce the Option Agreement against the Plaintiffs, and (2) issues of fact regarding the Crested Butte operating agreement, and the respective obligations of Siegel, Rickmeier, and Caleb Investment thereunder, are resolved in its favor.

While the contingency of an interest does not necessarily bar intervention under Rule 24(a), see St. Paul at 134, district courts in this circuit have indicated it is an important factor which should influence the court's decision of whether to grant intervention. For instance, in Trinity, the United States District Court for the Eastern District of Tennessee questioned whether tort claimants could intervene as a matter of right in an insurance declaratory action, when their interest in that litigation was contingent on prevailing in a separate lawsuit. Id. at 2-3. In deciding this issue, the Court found the following language from New Hampshire Ins. Co. v. Greaves, 110 F.R.D. 549, 552 (D.R.I.1986) to be instructive:

> While the contingent nature of the movant's interest is certainly an important factor which should influence the court in its determination as to the appropriateness of intervention, this one factor alone should not be determinative. The interests of justice are best served by looking to both the letter and the spirit of F.R.C.P. 24(a) and determining on a case by case basis whether intervention should be granted. Some of the factors that the Court should consider when evaluating a petition for intervention to determine if there is adequate interest include: basis of movant's concern with the litigation, degree of interference with the pending litigation which may result, probable result on judicial process (e.g. needless complication or ultimate consolidation and simplification), right of original parties to control the destiny of their own suits vs. actual hardship to the parties created by permitting intervention.

Id. at 6. The Trinity Court denied the motion to intervene, noting that the factors set forth in Greaves militated against intervention. Id. at 8. Specifically, the Court expressed its concern that allowing the movants to intervene would complicate and delay the discovery process, disrupt the expedited schedule of the case, and result in the presentation of duplicative legal arguments. Id. See also St.

Paul at 134 (discussing Greaves with approval).

As in Trinity, an analysis of the factors set forth in Greaves militates against intervention in this action. As previously noted, Black Diamond's asserted interest in this case is not only indirect, but contingent. On the other side of the equation, Black Diamond's intervention could present significant obstacles to the orderly resolution of this case. First, the Court is concerned that allowing Black Diamond to intervene would unduly complicate and delay the discovery process. This concern is particularly salient as Paonia has indicated that time is of the essence. [R. 26 at 9-10]. Further, Black Diamond's intervention would likely result in needless complication of the legal issues. Indeed, Black Diamond seeks to expand the scope of this litigation to encompass not only the Option Agreement between ECR, CHC, and Paonia, but the Crested Butte operating agreement allegedly binding on Rickmeier, Siegel, and Caleb Investments. As Paonia correctly notes in its Response, the potential for jury confusion is great, as the Court would be required "to proceed on two independent tracks involving an entirely different set of facts and claims." [R. 47 at 11]. Finally, the Court notes that Black Diamond's interest in this action will not necessarily be impaired in the absence of intervention, as Black Diamond may assert its claims in a separate lawsuit.

## CONCLUSION

For the foregoing reasons, the Court finds that Black Diamond lacks a substantial legal interest in the subject matter of this action. Accordingly, it is HEREIN ORDERED that Black Diamond's Motion to Intervene pursuant to Fed.R.Civ.P 24(a)(2) [R. 41] is DENIED.

Signed December 24, 2008.



**Signed By:**
*Edward B. Atkins* ℰβ𝒜
**United States Magistrate Judge**